### JAMES MUNSON *v.* JOHN RILEY.

Where a landlord agrees, in the lease, to allow the tenant certain privileges in the use of Croton water, &c., and afterwards deprives him thereof, an action on the contract may be maintained against him for damages.

Such a cause of action may be assigned, and a suit be brought in the name of the assignee.

THE defendant in this action was sued in the Sixth District Court, where a summons was issued for "a money demand on contract."

The complaint was in writing, as follows:

"The plaintiff complains of the defendant for this, that on or about the 4th day of December, 1852, defendant let and rented unto Jerry Buckley, premises situated in the Third Avenue, agreeing thereby, in consideration of $5 per month, to allow the use of Croton water, yard and woodhouse, and two counters; that defendant, contrary to said agreement, deprived said Buckley of the use thereof, whereby said Buckley was damaged to the amount of $50. "That since said damages have arisen, said Buckley, for a valuable consideration, assigned all his right in his damages to the plaintiff in this action."

The parties having appeared, the defendant demurred, and moved for a dismissal of the case, on the ground that the action was in fact trespass, and the claim not assignable. The motion was granted, and the plaintiff appealed.

*George Defandorf*, for the appellant.

*Thomas S. Henry* and *H. P. Townsend*, for the respondent.

Munson *v.* Riley.

By the Court. Ingraham, First J.—The plaintiff sued the defendant in the court below, by summons, which stated the cause of action to be a breach of contract. On the appearance of the parties, the plaintiff complained of the defendant, that he had let and rented to one Buckley, certain premises, and had agreed to allow Buckley the use of the Croton water, yard and woodhouse, &c. That defendant, *contrary to the agreement*, deprived Buckley of the use thereof, and averred the damages to be $50, and that said Buckley had assigned his claim to the plaintiff.

The defendant moved for a dismissal of the complaint, on the ground that the cause of action was not assignable, and the justice granted the motion.

By the 111th section of the Code, all actions must be prosecuted in the name of the real party in interest, and if the plaintiff's claim is founded on contract, the action must be in the name of the assignee. That section is qualified by adding to it " that it is not to be deemed to authorize the assignment of a thing in action not arising out of contract." This did not alter the law as it existed previously, in regard to the assignment of a claim for damages for a tort. The question in this case is, whether the plaintiff's claim did not arise upon contract.

The summons stated the cause of action to be for *breach of contract.*

The complaint likewise sets out a contract, to wit, an agreement for renting certain premises to one Buckley, with the privilege of using the Croton water, &c., and that defendant deprived Buckley of the use of it. This is not a complaint for a trespass, but for a breach of the agreement. I see no reason why the cause of action is not founded on contract. The contract was to allow the use of the water, &c., and the breach is, that the defendant deprived Buckley of such use, contrary to the agreement. There is no allegation of trespass, and in fact trespass could not be maintained for such a cause of action. Suppose the defendant had never permitted the use of the water, &c., there could be no

remedy except under the contract, and the variation in the breach of the contract, as appeared in the complaint, that the defendant deprived him of the use of it, does not alter the case so that it may be said to be a tort, and not founded on the contract.

The claim was one that might be assigned, and under the Code must be sued in the name of the assignee, when it has been assigned.

I do not doubt but that Buckley might, instead of proceeding upon the contract, have averred that he was enjoying the use of the premises, and that the defendant unlawfully deprived him thereof, and in that mode maintained an action upon the case under the former practice. But he was not compelled to do so, and having an election of remedies, either upon the contract or in case for the injury, he has chosen the former. The justice erred in dismissing the complaint, and the judgment must be reversed.